1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7   ANDREW GREGO and MARIA DOROSHCHUK, individually and on 8   behalf of all others similarly situated, | NO:  4:16-CV-5150-RMP |
| 9                      Plaintiffs, 10          v. | ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |
| 11   KADLEC REGIONAL MEDICAL CENTER, a Washington non-profit corporation; CARDON 12   HEALTHCARE NETWORK, LLC, d/b/a/ Cardon Healthcare Network and 13   Cardon Outreach, a Delaware for-profit corporation; and CARDON 14   HEALTHCARE HOLDINGS, a Delaware for-profit corporation, | |
| 15                      Defendants. 16 | |

17        BEFORE THE COURT is a Motion to Dismiss for Lack of Subject Matter

18   Jurisdiction, ECF No. 7, by Defendants Cardon Healthcare Network, LLC

19   ("Cardon") and Cardon Healthcare Holdings ("Cardon Holdings").  The Court has

20   reviewed Defendants' motion, the remaining record, and the relevant law, and is

21   fully informed.

ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION ~ 1

1      Plaintiff Andrew Grego initiated a putative class action in this District on

2   November 14, 2016.  Although Plaintiff's claims were raised in his individual

3   capacity and "on behalf of all others similarly situated," he stated only traditional

4   diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as a basis for federal subject

5   matter jurisdiction.  ECF No. 1 at 1, 5.  On December 19, 2016, Defendants

6   Cardon and Cardon Holdings moved to dismiss Plaintiff's complaint on the basis

7   that complete diversity between Plaintiff and Defendant Kadlec Regional Medical

8   Center did not exist, given that both are citizens of Washington State.

9      Plaintiff did not respond to Defendants' motion.  However, Plaintiff filed an

10   amended complaint on January 9, 2017.  Plaintiff's amended complaint named a

11   second Plaintiff, Maria Doroshchuk, and stated a new basis for federal subject

12   matter jurisdiction: the Class Action Fairness Act ("CAFA").  *See* ECF No. 8 at 6.

13   Defendant answered Plaintiffs' complaint on January 31, 2017, denying the factual

14   allegations underlying Plaintiffs' claim of CAFA jurisdiction for "lack[] of

15   sufficient information to form a belief."  ECF No. 9 at 6.

16      CAFA expanded diversity jurisdiction to include putative and certified class

17   actions in which the class comprises more than 100 members, at least one plaintiff

18   is a citizen of a state different from any defendant, and the aggregate amount of all

19   class members' claims exceeds $5 million.  *See* 28 U.S.C. § 1332(d).  Plaintiff's

20   amended complaint makes the requisite factual allegations to assert diversity

21   jurisdiction under CAFA.  Given that Plaintiffs allege a facially viable basis for

ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION ~ 2

1  federal subject matter jurisdiction, Defendants' motion to dismiss the original

2  complaint for lack of subject matter jurisdiction must be denied.

3      Accordingly, **IT IS HEREBY ORDERED**:

4      1.  Defendant's Motion to Dismiss for Lack of Subject Matter

5          Jurisdiction, **ECF No. 7**, is **DENIED AS MOOT**.

6      2.  The caption in this matter is amended to include Plaintiff Maria

7          Doroshchuk.

8      The District Court Clerk is directed to enter this Order and provide copies to

9  counsel.

10     **DATED** March 3, 2017.

11                              *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
12                              United States District Judge

13

14

15

16

17

18

19

20

21

ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION ~ 3