1
2
3
4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW GREGO, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br>    v.<br><br>KADLEC REGIONAL MEDICAL CENTER, a Washington non-profit corporation; CARDON HEALTHCARE NETWORK, LLC, d/b/a/ Cardon Healthcare Network and Cardon Outreach, a Delaware for-profit corporation; and CARDON HEALTHCARE HOLDINGS, a Delaware for-profit corporation,<br><br>                      Defendants. | NO: 4:16-CV-5150-RMP<br><br>ORDER GRANTING MOTION TO EXPEDITE AND STIPULATED MOTION FOR A PROTECTIVE ORDER |

**BEFORE THE COURT** is the parties' stipulated motion for a protective order, ECF No. 23, and Defendant Cardon Healthcare Network, LLC's motion to expedite hearing of the same, ECF No. 22. The Court has reviewed the motions, the stipulation, the remaining record, and is fully informed. The Court finds good

ORDER GRANTING MOTION TO EXPEDITE AND STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 1

cause to expedite hearing of the protective order motion and to enter the protective order.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Expedite Consideration of Stipulation for Entry of Protective Order**, ECF No. 22**, is **GRANTED**.
2. The parties' Stipulated Motion for Entry of Protective Order, **ECF No. 23**, is **GRANTED**. The protective order in effect is set forth below.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 5, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

**PROTECTIVE ORDER**

**I. "CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (a) any internal and proprietary policies, procedures or manuals prepared and used by the Defendants in their business, including the procedures used for the handling and processing of lien claims under RCW 60.44, and (b) medical records, financial records or other records disclosing

personally identifiable information relating to the named plaintiffs and/or putative class members.

**II. SCOPE**

The protections conferred by this order cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material. However, the protections conferred by this order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**III. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

3.1 **Basic Principles.** A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this order.

3.2 **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The court, court personnel, and court reporters and their staff;

(e) Copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this order;

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3.3 **Filing Confidential Material.**

(a) Any Confidential document or information contained therein used by any party prior to trial in support of or in opposition to a motion, or for any other reason, shall not be filed in the public Court file but shall be delivered to the hearing Judge for *in camera* review. For purposes of the Court's case schedule, document shall be considered "filed" with the Court when delivered or otherwise submitted for *in camera* review. A non-designating party who submits any Protected Document or information contained therein in support of or in opposition to a motion, or for any other reason, shall not be responsible for filing a motion to seal and/or redact. It is the designating party's responsibility to file a motion to seal and/or redact any documents or materials filed with the Court. The designating party must file a motion to seal and/or redact the Confidential document or information contained therein within three (3) business days of the Confidential document or information contained therein being delivered to the Judge for in camera review. See infra section 4.3(b).

(b) If the party submitting the Confidential document or information contained therein, in support or in opposition to a motion, or for any other reason,

ORDER GRANTING MOTION TO EXPEDITE AND STIPULATED MOTION FOR A PROTECTIVE ORDER ~ 5

is not the designating party, said party shall follow the procedure set forth above as well as the procedures set forth hereafter:

    (i) The original unredacted document shall not be filed in the Court file, but delivered to the Judge for in camera review.

    (ii) The burden to establish the necessary legal basis for sealing or redacting of a document shall rest with the designating party.

    (iii) It will be the designating party's burden to make the necessary showing to the Court in its motion to seal and/or redact to support the sealing or redaction of the documents in question. If the designating party is requesting redaction of the document rather than outright sealing, the designating party shall also furnish to the Court a proposed redacted version of the document. Once the Court has ruled on the sealing/redaction motion, the underlying document sought to be sealed or redacted shall be filed in the manner ordered by the Court.

### IV. DESIGNATING PROTECTED MATERIAL

4.1 **Exercise of Restraint and Care in Designating Material for Protection.** Each party or non-party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2 **Manner and Timing of Designations.** Except as otherwise provided in this order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing

party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Confidential.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

4.3     **Inadvertent Failures to Designate.**  If a party learns it inadvertently failed to designated qualified information or items as Confidential, the party must correct that inadvertent failure as soon as reasonably practicable after learning of the failure.  Under these circumstances, the party's inadvertent failure to designate will not be deemed a waiver of the party's right to secure protection under this order for such material.  A party who has corrected an inadvertent failure to designate under this provision must also make reasonable efforts to ensure that the material is treated in accordance with the provisions of this order.

# V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 **Timing of Challenges.** Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 **Meet and Confer.** The parties must make every attempt to resolve any dispute regarding Confidential designations without court involvement. Any motion regarding Confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

5.3 **Judicial Intervention.** If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under LR 7.1. The burden of persuasion in any such motion shall be on the designating party. All parties shall continue to maintain the material in question as Confidential until the court rules on the challenge.

## VI. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) Promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this order. Such notification shall include a copy of this order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

## VII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order; and (d)

request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## VIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

## IX. NONTERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

1         The confidentiality obligations imposed by this order shall remain in effect
2 until a designating party agrees otherwise in writing or a court orders otherwise.