UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW GREGO and MARIA DOROSHCHUK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KADLEC REGIONAL MEDICAL CENTER, a Washington non-profit corporation; CARDON HEALTHCARE NETWORK, LLC, d/b/a/ Cardon Healthcare Network and Cardon Outreach, a Delaware for-profit corporation; and CARDON HEALTHCARE HOLDINGS, a Delaware for-profit corporation,<br><br>Defendants. | NO: 4:16-CV-5150-RMP<br><br>ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT |

BEFORE THE COURT are three motions in this putative class action for violations of Washington's consumer protection laws and negligence: motions for summary judgment from Defendant Kadlec Regional Medical Center ("Kadlec"), ECF No. 27, and Defendants Cardon Healthcare Network, LLC and Cardon Healthcare Holdings (hereinafter "Cardon Defendants"), ECF No. 32; and a motion

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS ~ 1

for judgment on the pleadings by the Cardon Defendants, ECF No. 31. Having reviewed all submitted documents related to the motions and having heard oral argument from the parties, the Court grants Defendants' summary judgment motions and denies as moot the Cardon Defendants' motion for judgment on the pleadings.

## BACKGROUND

*Facts*

Kadlec is a Washington non-profit corporation operating as a hospital in Richland, Washington. Kadlec contracted with Cardon Outreach Services during the relevant period to provide services for the hospital to collect from third parties, including filing medical services liens against any tort recoveries. *See* ECF Nos. 29-1 and 29-2. The current lawsuit has two named plaintiffs, Andrew Grego and Maria Doroshchuk.

On September 22, 2014, Plaintiff Andrew Grego was seriously injured when he was hit by a car while riding a scooter. He was hospitalized at Kadlec for approximately eleven days following the accident, resulting in $79,478.09 owing to the hospital. During Mr. Grego's hospitalization, he hired attorney Allen Brecke to pursue reimbursement for Mr. Grego's injuries from the driver who struck Mr. Grego, or her insurer.

On November 10, 2014, the Cardon Defendants filed a notice of claim of lien in Benton County for the total cost of the medical services performed. On approximately November 14, 2014, the Cardon Defendants sent Mr. Grego a copy of

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS ~ 2

the notice of claim of lien to his home address, but Mr. Grego denied being aware of the first lien until sometime during the second half of 2015.[1]  ECF No. 30-1 at 16.

The driver's insurer, State Farm, settled with Mr. Grego for the policy limit of $250,000 in April 2015.  The insurer paid the entire $250,000 to Mr. Grego and his attorney Mr. Brecke.  After receiving the settlement, Mr. Grego executed a hold harmless agreement relieving State Farm of liability for the lien in "consideration of [their] agreed settlement of the claims arising out of [Mr. Grego's accident], and in further consideration of [State Farm] not naming as payee on the settlement draft the persons or entities who may have a lien or claim to the settlement funds."  ECF No. 30-8 at 3.  Subsequently, Mr. Brecke held $75,000 of the settlement amount in trust, possibly for the satisfaction of the medical lien.  ECF No. 30-1 at 10.  On May 1, 2015, Mr. Grego settled with his own insurer, pursuant to his underinsured motorist's policy, for $50,000.

After the first lien filed by the Cardon Defendants against any settlement of Mr. Grego's claims expired in November 2015, Cardon filed a second lien for $79,478 on December 22, 2015, against any settlement involving Mr. Grego's accident.  State Farm informed Cardon after it received notice of the December 2015

---

[1] Plaintiff Mr. Grego stated at his June 2017 deposition that he did not believe that he had ever seen the second lien before the deposition; he also stated that he had no reason to believe that Defendant Kadlec or the Cardon Defendants were aware of the settlement at the time the second lien was filed in December 2015.  ECF No. 30-1 at 18, 20.

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS ~ 3

medical lien that Mr. Grego's claims had settled in May 2015. In June 2016, Mr. Grego received the remaining $75,000 from his attorney, Mr. Brecke, and signed an acknowledgement at that time that his attorney informed him that "the debt to [Kadlec] is still valid and only the lien that they had asserted through Cardon Outreach has been extinguished." ECF No. 30-10 at 2.

Plaintiff Maria Doroshchuk was injured in a car accident on May 6, 2014, and received treatment at Kadlec that evening. Kadlec billed Ms. Doroshchuk $8,500.55 for its services. Ms. Doroshchuk also hired Mr. Brecke within days of her accident to pursue a monetary recovery for her injuries. On June 25, 2014, the Cardon Defendants filed a notice of claim of lien with the County Auditor in Benton County for the total amount of Ms. Doroschchuk's hospital bill, $8,500.55. ECF No. 30-11 at 4.

With Mr. Brecke's involvement, Ms. Doroshchuk reached a settlement with the other driver's insurance company, Safeco, for $25,000 in March 2015, entering a hold harmless agreement relieving Safeco of liability for the lien. As of Ms. Doroshchuk's June 2017 deposition for the instant matter, she testified that she was unaware of how much of the settlement Mr. Brecke was holding in trust. Ms. Doroshchuk also denied any awareness of a medical lien by Defendants against her settlement. ECF No. 30-11 at 6-7.

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS ~ 4

It is undisputed that the liens filed against Mr. Grego and Ms. Doroshchuk expired, unsatisfied, one year after their filing. *See* RCW 60.44.060(1). Neither Plaintiff has paid a filing fee to record a release of any of the three liens.

***Present Lawsuit***

In this putative class action, Plaintiffs' claims center on their allegation that Defendants "used medical services liens as a way to collect retail prices for healthcare, rather than accept insurance payment rates at a significant contractual discount." ECF No. 45 at 2. Moreover, Plaintiffs allege that Defendants' attempts to file medical liens were legally deficient under Washington State's medical services lien statute, chapter 60.44 Revised Code of Washington ("RCW"), on a number of grounds.

First, Plaintiffs allege that agents of an out-of-state company could not create, attest to, or sign medical services liens. Second, Plaintiffs allege that Defendants "had individuals swearing to and signing lien claims with statements they knew to be false." ECF No. 45 at 3. And, third, Plaintiffs allege that Defendants attempted to collect more than 25% of Ms. Doroshchuk's total recovery from the other driver's insurer.[2] Plaintiffs contend that those defects in Defendants' medical liens practices

---

[2] At oral argument, Defendants acknowledged that the lien filed against Ms. Doroshchuk should have been for $6,250, which is 25% of Ms. Doroshchuk's $25,000 settlement with the liable third party's insurer, rather than for the full $8,500.55 owed to Kadlec.

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS ~ 5

violated the Washington Consumer Protection Act ("CPA"), chapter 19.86 RCW, and amounted to negligence.

Defendants argue that Plaintiffs, by their own admission, suffered no injury caused by any Defendant for purposes of their CPA or negligence claims, and potentially for purposes of standing, although the standing arguments are not fully developed in these motions. Defendants further point out that Kadlec was required by the law governing Medicare (Mr. Grego's health insurer) and Medicaid (Ms. Doroshchuk's health insurer) to pursue recovery from the tortfeasor, or the patient's liability insurer, before billing insurance for the medical care that Plaintiffs received. *See* ECF No. 32 at 15.

## JURISDICTION

The Court exercises diversity jurisdiction over this matter pursuant to the Class Action Fairness Act, because Plaintiffs allege that at least one Plaintiff is a citizen of a state different from any Defendant, and the aggregate amount of all putative class members' claims exceeds $5 million. *See* 28 U.S.C. 1332(d).

## LEGAL STANDARDS

*Summary Judgment*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where "the evidence is such that a

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS ~ 6

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted."

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party meets this challenge, the burden shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial." *Id.* at 324 (internal quotations omitted). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). In deciding a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pacific Electric Contractors Ass'n*, 809 F.2d 626, 631–32 (9th Cir. 1987).

### *Judgment on the Pleadings*

In assessing a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. Rule 12(c), a court must accept as true all material allegations in the non-moving party's pleadings. "Judgment may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Enron Oil Trading & Transp. Co. v. Walbrook, Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (internal citations and quotation

marks omitted). However, when "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

## DISCUSSION

### *Preliminary Matters*

The Court notes that Plaintiffs do not contest dismissal of their unjust enrichment, conversion, and Federal Debt Collection Practices Act ("FDCPA") claims. ECF No. 44 at 3. However, Plaintiffs oppose summary judgment dismissal of their state law negligence claims and claims under the CPA. *See* ECF Nos. 44, 45, and 46.

The Court further notes that the Cardon Defendants' motion for summary judgment and motion for judgment on the pleadings seeks the same relief, dismissal of Plaintiffs' remaining claims. Given that the Court is considering evidence submitted filed in support of the summary judgment motions, the Court resolves this case as a summary judgment motion, and denies the motion for judgment on the pleadings as moot. *See* Fed. R. Civ. P. 12(d).

### *Remaining Claims*

Plaintiffs allege that Defendants violated the CPA and negligently injured Plaintiffs through the Cardon Defendants' recording of liens for the full amount of Plaintiffs' medical services debt to Defendant Kadlec.

ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS ~ 8

A private CPA action consists of "five distinct elements: (1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Wright v. Lyft, Inc.*, No. 94162-9, 2017 Wash. LEXIS 1146, at *11 (Dec. 14, 2017) (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (Wash. 1986)). While a plaintiff need not remand payment to incur an injury, a plaintiff still must be able to demonstrate injury in the form of expenses that were proximately caused by the deceptive act or practice of the defendant. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 63–65 (Wash. 2009).

To prove a prima facie case for negligence, a plaintiff must show duty, breach of duty, causation, and injury. *Hertog v. City of Seattle*, 138 Wn.2d 265, 275 (Wash. 1999). While breach of duty and proximate cause generally are questions for the trier of fact, "if reasonable minds could not differ, these factual questions may be determined as a matter of law." *Id.*

Although not conceding the existence of the first three elements of a CPA claim, Defendants focus on the fourth element, "injury to plaintiff in his or her business or property," and the fifth element, "causation," to argue that Plaintiffs' case should not proceed. ECF No. 35 at 10; *see Hangman Ridge Training Stables*, 105 Wn.2d at 780. Defendants' arguments regarding injury and causation on the CPA claim apply equally to the analogous injury and causation elements of Plaintiffs' negligence claims.

Viewing the facts in the light most favorable to Plaintiffs, Plaintiffs have not provided any evidence that they incurred any expenses as a result of any of the challenged actions of Defendants. Plaintiffs also testified that they were not even aware of the allegedly deceptive acts, the filing of the notices of claim of lien, until long after the liens had been filed. Plaintiffs do not contest the validity of the medical services debt owed to Kadlec, which apparently has never been paid. Nor do Plaintiffs demonstrate any additional expenses that they incurred as a result of Defendants' actions.

Rather, Plaintiffs argue that their injury is the speculative loss of use of the funds during the time that their personal injury attorney, Mr. Brecke, held some of the settlement funds in his trust account. Plaintiffs opine that they may have lost earned interest on the retained funds, as well as suffered damage to intangible financial interests, such as the potential ability to secure a mortgage.

Even assuming these conjectural losses constitute injuries, which Defendants contest, Plaintiffs do not demonstrate that Defendants caused those losses. It was not Defendants who allegedly deprived Plaintiffs of the use of their money. Rather, it was their own attorney, Mr. Brecke, who held the funds at issue in his trust account. Accordingly, Plaintiffs do not demonstrate any dispute of fact.

Plaintiffs also have not supported that they suffered injury caused by Defendants' alleged deceptive filing of liens, even when Plaintiffs' evidence is viewed in the light most favorable to them. Therefore, Plaintiffs have failed to

support the injury and causation elements of their CPA and negligence claims, which fail as a matter of law.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Kadlec's Motion for Summary Judgment, **ECF No. 27**, is **GRANTED**.
2. The Cardon Defendants' Motion for Summary Judgment, **ECF No. 32**, is **GRANTED**.
3. The Cardon Defendants' Motion for Judgment on the Pleadings, **ECF No. 31**, is **DENIED AS MOOT**.
4. The Court dismisses all of Plaintiffs' claims against all Defendants **with prejudice**.
5. The Clerk is directed to **enter Judgment for the Defendants**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** December 29, 2017.

                                    *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                      United States District Judge